UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| MORGAN PRESNELL | ) | |
| | ) | |
| v. | ) | NO. 2:11-cv-240 |
| | ) | *Greer/Inman* |
| ROBIN RAY; TOM BURLESON, Tenn. | ) | |
| Dep't of Corr.; JEFF KELLEY, Public | ) | |
| Defender's Office; MICHELLE AMBROSE, | ) | |
| CCS Probation Office; CINDY BROOKS, | ) | |
| Crossroads Probation Office; and BILL | ) | |
| HAMPTON, Att'y | ) | |

## **MEMORANDUM and ORDER**

Morgan Presnell, a *pro se* litigant and former prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED**, [Doc. 1].

In the complaint, plaintiff alleges that he was subjected to false imprisonment for eighteen and a half months, [Doc. 2]. More specifically, plaintiff asserts that he violated his state probation on a two-year sentence at 30% and that, while he was supposed to be released on November 21, 2006, after serving 7 months and 18 days, he was held until April 3, 2008. Plaintiff seeks a day in court to present evidence, including witnesses, to show everyone that there is a legal system, that civil rights are upheld, and that even government-paid officials cannot commit wrongdoing and get by with it; a public apology from those who did him wrong; and a remedy for the wrong that was done to him.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that section 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *by LaFountain v. Harry*, __ F.3d __, 2013 WL 2221569 (6th Cir. May 22, 2013). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed.

These allegations essentially are an identical version of a prior complaint filed in this Court by plaintiff. *See Morgan Presnell v. Robin Ray*, *et al.*, Civil Action No. 2:09-cv-67 (E. D. Tenn. 2009). Plaintiff's appeal of the prior case was dismissed by the Sixth Circuit and his petition for a writ of certiorari in the U.S. Supreme Court was denied, (Docs. 7-9 in Civil Action No. 2:09-cv-67). In this case and the prior case, plaintiff alleges that he was falsely imprisoned for eighteen and a half months beyond his release date. Therefore, this action is duplicative of plaintiff's earlier case.[1]

Duplicative lawsuits may be dismissed as frivolous. *See Taylor v. Reynolds*, 22 Fed. Appx. 537, 539, 2001 WL 1450693, *2 (6th Cir. Nov. 8, 2001) ("A completely duplicative complaint lacks an arguable basis either in law or in fact and, therefore, the instant complaint was properly dismissed on the basis of res judicata.")

---

[1] In the earlier suit, plaintiff asserted additional claims for unconstitutional housing conditions and for damages, but this makes no difference in determinating whether the present case is duplicative of the prior case.

Based on the above discussion, the Court finds that plaintiff's complaint is duplicative, thus frivolous, and should be dismissed. There is no curable deficiency in this lawsuit and, thus, no amendment will be invited. *See LaFountain*, 2013 WL 2221569.

A separate order shall enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE